BROWN
*vs*
YOUNG.

*ty* to prosecute an appeal or writ of error, until it is paid, by some one, and final judgment.

---

APPEAL.

Case 10.

## Brown *vs* Young.

ERROR TO THE MARION CIRCUIT.

*Consideration.   Evidence.   Presumptions.*

September 15.

JUDGE MARSHALL delivered the Opinion of the Court.

Case stated and evidence.

THIS was an appeal from the judgment of a Justice of the Peace rendered against Young, the plaintiff in the warrant.   On the trial in the Circuit Court, Young read the defendant's note to him for twenty-five dollars, and the defendant introduced evidence conducing to prove that the note was executed for the price of a clock sold by Young to him, and which the vendor warranted should run well for two years, or be replaced by one that would—that the clock did not run well, and that within the two years Young was notified of the fact and required to comply with his warranty, which he failed to do, and that he was a clock pedlar.

Instructions asked but refused by the Court below.

Upon this evidence the Court refused to instruct the jury, as moved to do by the defendant: 1st, That if Young was a clock pedlar and had not obtained license for selling clocks, as required by law, they must find for the defendant; and 2d, That if Young had been notified within the two years, of the failure of the clock to run well, and had failed to make good his warranty, they must find for the defendant; but instructed them that if the clock was of any value, they should find for the plaintiff, otherwise for the defendant.   These opinions of the Court

were excepted to by the defendant, and a verdict and judgment having been rendered against him, he now questions their correctness in this Court.

The 4th section of the act of 1831, *Stat. Law,* 1381, prohibits any pedlar or transient person from selling a clock in any county in the State, without a license from the clerk of that county for so doing, and the 9th section of the same act declares void all contracts for the sale of clocks by such person without such license.

The first instruction asked for by the defendant was based upon these provisions, and upon the idea that, on proof being made that the note was given for the price of a clock sold by a pedlar, it devolved upon the pedlar to prove that he had obtained the license, and that on his failure to do so the contract must be deemed void under the 9th section of the statute. But the law does not presume a violation of its own mandates; and when an act is required to be done, the omission of which would be a criminal neglect of duty or a misdemeanor, the law presumes that it has been done, and therefore, the party relying upon the omission, must make some proof of it, though it be a negative: 1 *Chitty's Plead.* 253; 3 *Starkie's Ev.* 1250, &c. This rule is clearly laid down by Lord Ellenborough, in the case of *Williams* vs *The East Ind. Com.* 3 *East*, 199, and several cases are there cited in its support; among these the case of *Monk* vs *Butler,* 1 *Rol. Rep.* 83, seems to be strongly in point for the present case. That was a suit for tythes, in which the defendant pleaded that the plaintiff had not read the 39 articles, and it was held, both in the Spiritual Court and the Court of Kings Bench, upon a motion for a prohibition, that the defendant was bound to prove it, "for the law will presume that a parson had read the articles, for otherwise he would lose his benifice; and *when the law presumes the affirmative, then the negative must be proved.*" In the case of *Williams* vs *The East Ind. Com.* the rule was applied with the effect of requiring the plaintiff to prove that the defendants *had not given notice* of the combustible nature of certain oil, &c. which they had put on board of the plaintiff's ship.

On proof being made that a note was given to a clock pedlar for a clock sold, the legal presumption arises that the pedlar had a license, & some proof must be offered by defendant to raise the presumption that he had not such license, before he can be required to prove that he had such license.

BROWN
*vs*
YOUNG.

If a pedlar, selling clocks within this State, has failed to obtain the required license, he is not only subjected to the loss of his contract for the price, but also to a pen. alty: *Stat. Law*, 1259, and in his case, as well as in all others, the law presumes innocence until there is some proof to the contrary. And on the principle above stated, he is entitled to the benefit of that presumption in this action to enforce a contract for the sale of a clock, and the defendant, relying upon his omission to do that which the law required, and the omission of which subjected him to penalties and forfeiture, should have proved it, as he might easily have done if, in fact, no license had been obtained; for the clerk of the county in which the clock was sold, and who should have issued the license, must be presumed to have known whether it had been issued or not.

Proof that a note was given for a clock does not of itself, without a demand therefor, require of the seller to produce his license to sell clocks, the question of license or no license is not raised.

It may be remarked also, that as the proof that the note was given for the price of a clock, and that the vendor was a clock pedlar, raises no presumption that a license had not been obtained; the question of license or no license cannot be considered as having been raised by such proof, and there was no call upon the plaintiff to produce the license or make proof of it. The first instruction was, therefore, properly overruled, and that there was no error in overruling the second is sufficiently established by the case of *Kelso* vs *Fry*, 4 *Bibb*, 493. The objections to a recovery, assumed in these two instructions, having no existence or application in the case as it stood on the evidence, the instruction actually given placed fairly before the jury the only question which the defendant could have raised upon the evidence, viz: the question as to an entire want or failure of consideration. This instruction was clearly not erroneous, if, as has been decided, the two first were properly overruled, and therefore, the judgment is affirmed.

*Shuck* for plaintiff; *Morehead & Reed* for defendant.