## THOMPSON & BOYNTON vs. SAYRE.

Since the passage of the act exempting non-residents of the state from arrest for debt, (*Stat.* 1840, *p.* 120, § 1,) a short summons or attachment is the proper process against such non-residents, when sued before a justice of the peace ; and any other process would be void. The doubt upon that question in *Dow* v. *Stall,* (5 *Hill,* 186,) resolved.

On the return of a summons or attachment, if the defendant refuses to plead, the justice may, on his own motion or on the application of the plaintiff, adjourn the cause not exceeding eight days. The case of *Fanning* v. *Trowbridge,* (5 *Hill,* 428,) limited, so as to consist with this rule.

A physician, in a suit to recover for his services, need not produce his license.

ERROR to the Chemung common pleas. Thompson & Boynton, on the 31st July, 1844, made an application in writing to a justice for an attachment against the goods, &c. of Sayre, which was accordingly issued, returnable the third day of August following. It was served on the first day of August, and the parties appeared on the return day. It was admitted that the defendant was proceeded against by attachment on the ground that he was a resident of the state of Pennsylvania. The defendant objected to the regularity of the attachment, and asked to have it discharged, which motion was denied. The plaintiffs then declared on the common counts and for professional services rendered by them as physicians, and for medicines furnished at the defendant's request. The cause was adjourned, on the plaintiff's motion, to the 6th day of the same month ; the defendant not interfering otherwise than to object to further proceedings for want of jurisdiction. On the adjourned day the plaintiffs appeared ; the defendant appeared by attorney, who objected to the plaintiffs' proceeding and then left the room.

The plaintiffs then proved that they had attended the defendant's family as physicians, produced their account book, and after giving the proof required to make it evidence, had the defendant's account read therefrom to the justice, and also proved that the charges were reasonable. They further proved the defendant's admission that they had as physicians attended his child when ill ; but they did not produce any licence

to practise physic or surgery.   The justice rendered a judgment for the plaintiffs for $15,94, besides costs, which the common pleas reversed on *certiorari,* for errors of the justice " in matters of law," as was stated in the record in that court.

. *E. P. Brooks,* for plaintiffs in error.

*Gray & Hathaway,* for defendant in error.

*By the Court,* JEWETT, J.   The first question presented in this case is, Can a suit in a justice's court to recover a demand arising upon contract be regularly commenced against a defendant; resident of another state, by attachment?

The revised statutes provide that "no person shall be proceeded against by summons out of the county in which he resides." (2 *R. S.* 227, § 13.)   The 17th section of the same title provides, that the first process against a non-resident of the county should be by warrant.   This provision was changed by the act to abolish imprisonment for debt. (*Sess. L.* 1831, 396, § 1, 2.)   By that act the process by warrant for the recovery of any debt, &c. against any person, a resident of this state, and against any person who had been such resident, for at least one month previously, was abolished.

The 30th section of that act, (*p.* 403,) provided that no execution, issued upon any judgment rendered by a justice of the peace, &c. upon any demand arising upon contract, &c. should contain a clause authorizing an arrest or imprisonment of the person against whom issued, unless it should be proved, &c. 1. That the person against whom the same should issue had not resided in this state for the space of thirty days, immediately preceding the commencement of the suit in which such judgment was rendered, &c. ; or 2. That judgment was for money collected by a public officer; or 3. For official misconduct or neglect of duty ; or 4. For damages for misconduct or neglect in any professional employment.

The 31st section provides that no warrant should issue against any defendant in any case in which an execution on the judgment

Thompson *v* Sayre.

recovered could not be issued against the body of such defendant. The 32d section provides, that " Whenever, by the provisions of the 31st section no warrant can issue, and the plaintiff shall be a non-resident of the county," and shall make the proof, &c. " now required by law to entitle him to a warrant," " the justice shall issue a summons, which may be made returnable not less than two nor more than four days from the date thereof," &c. The 33d section provides, that " Whenever, by the provisions of the 30th section of this act, no warrant can issue, and the defendant shall *reside out of the county*, he shall be proceeded against by *summons* or *attachment*, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein; and if such defendant be proceeded against otherwise, the justice shall have *no jurisdiction of the cause.*" It is seen by this section of the act, that a short summons or attachment was provided for as *the* process by which a suit could be commenced in the case in which a warrant was authorized by the provision of the revised statutes first referred to, (2 *R. S.* 228, § 17,) i. e. " *when the defendant is a non-resident of the county.*" The revised statutes have not in terms provided any process by which a suit could be commenced in a justice's court against a non-resident of this state, except under the description of a *non resident of the county*, which I. cannot doubt includes all persons residing out of the county, whether in this or any other state.

It is undoubtedly true, that under the provisions of the act of 1831, a non-resident of the state could not be proceeded against by summons or attachment, as the act (§§ 30, 31,) provided a warrant as the process by which a suit in a justice's court might be commenced against such persons, and the provision extended to such persons coming into this state who had not resided here for one month. The 33d section did not authorize the process by summons or attachment against any person, provided for by the 30th section. Then came the act of 1840, (*Sess. L.* 1840, *p.* 120, § 1,) which provides that so much of the act of 1831, as declares that the provisions in the first section thereof, shall not extend to any person who shall not have been a resident of this

state for at least one month previous to a suit commenced against him, is hereby repealed. That part of the act of 1831, which contained such declaration, was the 30th section. After the passage of the act of 1840, therefore, there remained no process by which a suit could be commenced against a non-resident of this state, unless it is provided for by the 33d section of the act of 1831. By the first section of that act *no person* could be arrested, &c.: this was qualified by the 30th section, which declared that *all persons* not residents of this state, and who had not resided here for one month, might be arrested, &c. The act of 1840, repealed so much of section 30th, as authorized the arrest of a non-resident of this state; that qualification or exception being *stricken out* of the 30th section, there remained no provision authorizing the arrest of *any person* for debt. Then comes the 33d section, which we have seen provided for a *summons or attachment* in all cases where the defendant resides *out of the county,* and against whom by the provisions of the 30th section no *warrant* can issue. The question then arises, what effect, if any, does the act of 1840 have upon the provisions of the 33d section? If the provisions of the 30th section, providing for a warrant against a non-resident of the state being repealed, are to be regarded as though they never existed in the section with reference to this suit, then there is no difficulty in the way in holding that this suit was regularly commenced by attachment under the 33d section. Thus regarding the section, the application presented a case where by the provisions of the 30th section no warrant could issue. The rule which Lord Ch. J. Tindal laid down in *Key* v. *Goodwin,* (4 *Moo. & Payne,* 341, 351,) and which this court approved in *Butler* v. *Palmer,* (1 *Hill,* 332,) is this, that a repealing statute has the effect "to obliterate the statute repealed, as completely from the records of parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted, and *concluded* whilst it was an existing law." I therefore hold, that any person being a non-resident of the county (and a non-resident of the state comes within that description,) *must,* when sued before a justice

of the peace, be proceeded against by a short *summons* or *attachment*—and that any other process would be irregular and void. I am aware of the doubt suggested by Justice Bronson in *Dowd* v. *Stall,* (5 *Hill,* 186,) whether a non-resident of this state could be sued in a justice's court by any process under the statutes as they now stand; but that case did not call for any decision of the question, and it is not pretended to be decided there.

The next point in the case, is whether the adjournment granted by the justice was irregular or erroneous. The defendant in error insists, that as there was no issue joined, the cause could not be regularly adjourned; and the case of *Fanning* v. *Trowbridge,* (5 *Hill* 428,) is claimed as an authority to sustain the point. I do not so understand the principle decided by that case. It turned upon the question of the authority of the attorney for the plaintiff to appear in the suit. It was held that Gould failed to show any authority to appear, and that the adjournment on Gould's motion was without authority. The statute (2 *R. S.* 233, § 47,) provides that at the first appearance of the parties before the justice, the pleadings shall be made and issue *joined,* and when both parties have appeared, an issue shall be joined before any adjournment shall be had." This must be understood with this limitation, that the defendant *consents* to plead; unless he should plead he would not be entitled to demand an adjournment. If he refuses to plead, although he has appeared, it does not take from the justice the authority to adjourn the cause, given to him by the 67th, 68th, and 69th sections of the same title. By the 67th section, the justice is authorized at the return of the summons or attachment, &c., in his discretion to adjourn not exceeding eight days, with or without the consent of the parties. By the 68th section, it is provided that the justice shall in no case adjourn a cause commenced by warrant on his own motion, nor in any suit commenced by summons or attachment at any other time than on the return of such summons or attachment. By the 69th section, it is provided that " at the time of the return of a summons or attachment, &c., the justice shall on the application of the plaintiff adjourn the cause to some day to be fixed by the justice, not exceeding eight days; but

shall not be granted unless plaintiff or his attorney shall, *if required by defendant,* make oath that he cannot safely proceed to trial. The justice, therefore, has power to adjourn, although the defendant appears and no issue is joined, in cases where the defendant neglects or refuses to plead, as he did in this case. I think there was no error or irregularity in the adjournment. The justice had power on his own motion to adjourn, and the plaintiff also had the right on his motion to have an adjournment by making the proof prescribed, if required by defendant, and as it was not required, the adjournment was regular.

The defendant in error, insists, however, that the evidence before the justice was not sufficient to sustain the judgment, and that the common pleas decided correctly in reversing it on that ground. The plaintiffs claimed to recover under their declaration and evidence, for professional services as physicians, and for medicines furnished the defendant, as appears by their account exhibited, and as the justice says, "herewith returned." No account appears in the error book showing the character of the items of the account, and the evidence tended to prove nothing beyond the ordinary services rendered by physicians in the line of their profession, without showing any particular items charged by them. It is insisted that the plaintiff was bound to prove that they were regularly licensed physicians, and not having made that proof, they showed no right to recover for services rendered as such. The plaintiffs proved that the defendant retained them and received their services as such. The point presents the question, on which side the burthen of proof lies. The late Justice Cowen, in delivering the opinion of this court in the case of *McPherson* v. *Cheadell,* (24 *Wend.* 15, 24, 29,) holds that a licence is presumed until the contrary is shown. Assuming that to be the correct rule of evidence as applicable in this case, I am led to the conclusion, that the judgment of the common pleas should be reversed, and that of the justice affirmed.(a)

Mr. Justice BEARDSLEY, concurred.

(a) Any person may now recover for attending or prescribing for the sick. (*Stat.* 1844, *p.* 406, § 1.)

The CHIEF JUSTICE, (dissenting.) The fifth article of the statute relating to justices' courts, provides for adjournments in various cases; and, among others, for an adjournment by the justice on his own motion: but nothing is said, either one way or the other, about the necessity of pleading or joining an issue before the adjournment is ordered. (2 *R. S.* 238, *art.* 5.) That is regulated by the 47th section, (*p.* 233,) which provides, that the pleadings of the parties shall be made, and the issue joined, *at the time of the first appearance of the parties* before the justice; "and where both parties have appeared, *an issue shall be joined before any adjournment shall be had;*" except in the case of a warrant. This language is too explicit to leave much room for either doubt or construction; and as it is not qualified by any other branch of the statute, I think the adjournment before any issue had been joined, was irregular, and that the judgment should, for that cause, be reversed.

Judgment of the common pleas reversed, and that of the justice affirmed.