## JOHN and JACOB BURGHART *vs.* RICE.

*Joint debtors* may be sued in a justice's court by *long summons*, though one of them be a non-resident of the county.

ERROR to the Onondaga common pleas. Rice sued John and Jacob Burghart before a justice of Onondaga county by summons, returnable seven days after the time when it was issued, which was personally served on both defendants. The plaintiff declared on a joint note made by the defendants. John alone appeared and pleaded. On the trial it appeared that Jacob Burghart was a resident of Oswego county. The plaintiff recovered a judgment before the justice, which was affirmed by the common pleas.

*J. R. Anderson*, for the plaintiffs in error.

*Noxon, Leavenworth & Comstock*, for the defendant in error.

*By the Court*, JEWETT, J. The only question is whether Jacob Burghart could be sued in this action by a *long* summons. If sued alone in Onondaga county, a short summons or attachment would be the only proper process, and any other would be void. (*Thompson* v. *Sayre*, 1 *Denio*, 175.) In *Harriott* v. *Van Cott*, (5 *Hill*, 285,) it is intimated that such process as was issued in this case would probably be regular against *joint debtors*, where one was a non-resident. Mr. Cowen, in his Treatise (1 *Cowen's Tr.* 462) expresses the opinion that a warrant, which when that treatise was published was the proper process against a non-resident, would not be regular without special cause shewn when the non-resident was sued jointly with resident defendants; and he likens it to the case of one of several defendants who, if he were a sole defendant, would be privileged against being sued in a particular manner, but when prosecuted with others, may be proceeded against in the ordinary way. This I think is the true rule.

Judgment affirmed.