12b 21
20ap205

SMITH & BLOOD *vs.* JOYCE.

Since the adoption of the code, the summons issued by a justice's court, need not express the plea, as was required by 2 R. S. 228, § 14.

In an action before a justice, for goods sold and delivered, among which were sundry charges amounting to $13,86 for spirituous liquors sold in less quantities than five gallons, the defendant not appearing, it was *held* that the plaintiff was entitled to recover, although he gave no evidence of a license from the commissioners of excise.

In a civil action between party and party, a license is to be presumed until some evidence to the contrary is given.

On an indictment for a breach of the excise law, evidence of a sale of spirituous liquors by the defendant, in less quantities than five gallons, establishes,

*prima facie*, the offense. It is in such case, for the defendant to show that he has the license required by law.

In a civil action, the question of license arises collaterally. In an indictment, it is the main issue on the part of the defendant.

It *seems*, an action can not be maintained to recover for liquors sold, in quantities less than five gallons, when it appears that they were sold in violation of law.

THIS action was commenced by the plaintiff in July 1850, before a justice of the peace of Essex county, by a summons. The summons was addressed to any constable, and commanded him to summon the defendant to appear before R. W. L. one of the justices, &c. on, &c. at, &c. " to answer the complaint of O. S. and D. B. then and there to be exhibited, to their damage of one hundred dollars or under." It was personally served, and on the return day, the plaintiffs appeared and the defendant failed to appear. The plaintiffs complained orally for balance of book account, for goods, wares and merchandise sold and delivered, and claimed $89,90. They introduced witnesses, and proved the sale and delivery of some of the articles mentioned in their account. They introduced their books of account, and proved their identity, and that they kept fair and honest books, by several persons who had dealt and settled with them. They proved also, that during the running of the account against the defendant, they kept no clerk, and that the entries were made by one of the plaintiffs. The first item in the account was under date of May 5, 1849, and the last July 8, 1850. The credit was about $18,00, and the balance claimed, on which judgment was given, was $86,90. The justice gave judgment for the plaintiffs, and the county court of Essex county reversed it. The plaintiffs appealed to this court.

*B. & A. Pond*, for the appellants.

*S. C. Dwyer*, for the respondent.

*By the Court*, WILLARD, P. J. The first objection is that the summons set forth in the return did not give the justice jurisdiction. It does not state the plea in which the defendant

Smith v. Joyce.

was to answer, as required by 2 *R. S.* 228, § 14. (*Ellis* v. *Merritt*, 2 *Code Rep.* 68.) The code having abolished all the forms of pleading heretofore existing, and all the names of actions, and substituted therefor a civil action, the form of summons prescribed by the revised statutes has become obsolete. It is therefore enough to say in the summons, as was said in this case, that it was to answer the complaint of the plaintiffs, then and there to be exhibited, to their damage of one hundred dollars. The case of *Ellis* v. *Merritt,* (*supra,*) was the decision of a justice of the peace, and has never been followed by any court to my knowledge ; and has been repeatedly disregarded in this district.(*a*)

The proof of the plaintiffs' books, and of the account therein mentioned, was sufficient, within the case of *Vosburgh* v. *Thayer,* (12 *John.* 461.)

There are a few items in the account charged as orders, and none were produced on the trial. It does not appear that they were written orders. The defendant may have directed particular articles to be delivered to the persons therein mentioned, and the allusion to the order, in the entry, may have been to identify the transaction. If I tell a merchant to deliver a pair of shoes to my servant, and charge it to me, and he does so accordingly, the book is as much evidence of the entry, as if he had delivered the article to myself.

The main objection, and on which the county judge reversed the judgment, was, that the account contained $13,86 for spirituous liquors sold in less quantities than five gallons, which item was allowed by the justice and included in the judgment, and there was no evidence that the plaintiffs had a license from the commissioners of excise.

The revised statutes (1 *R. S.* 680, § 11) prohibit innholders and tavern keepers from trusting any person other than those who may be lodgers in their house, or travelers not residing in the same city or town, for any sort of strong or spirituous liquors or tavern expenses, above the sum of one dollar and twenty-five cents ; and declare that they shall not be capable

(*a*) See *Cornell* v. *Bennett,* 11 *Barb.* 657, *and Park* v. *Hitchcock,* in note.

of recovering the same by any suit. This section does not apply to the plaintiffs, for it does not appear that they were innholders or tavern keepers.

The 4th section of the act concerning excise, (1 *R. S.* 678,) empowers the commissioners of excise to grant licenses, among other things, to grocers, being residents of their towns, to sell strong and spirituous liquors and wines, in quantities less than five gallons, but not to be drank in their shops, houses, outhouses, yards or gardens. The 12th section requires that the licenses shall contain an express declaration that it shall not be deemed to authorize a sale of any liquor or wines to be drank on the premises; and the 13th section, that before issuing the license the commissioners shall be satisfied that the applicant is of good moral character, and shall take from him a bond with approved surety, in the penal sum of one hundred and twenty-five dollars, conditioned that he will not sell to be drank on the premises. The 15th section inflicts a penalty of twenty-five dollars upon any person who shall sell any strong or spirituous liquors or wines in any quantity less than five gallons at a time, without having a license therefor, granted as therein directed. The statute does not forbid, in terms, the collection of the debt if a sale be made, but imposes on the vendor the penalty for selling. But the effect no doubt is the same as if the act of selling had been expressly interdicted, and the collection of the debt thus created, been forbidden. (*Griffith* v. *Wells*, 3 *Denio*, 226.) The 17th section forbids the sale, by a tavern keeper, grocer or other person licensed to sell any such liquors or wines to any apprentice or servant, knowing him to be such, without the consent of his master, and to a minor under the age of twenty-one years, without the consent of his parent or guardian. And it imposes a penalty of five dollars for each violation of the section. The 25th section of the act declares all offenses against its provisions to be misdemeanors, punishable by fine and imprisonment. These are all the sections material to be noticed in this case.

The offense of selling spirituous liquors without license, being a misdemeanor as well as made penal, the courts will not aid

Smith *v.* Joyce.

such vendor in enforcing payment. We are therefore brought back to the question, whether, in the absence of proof, the plaintiff must be presumed to have violated the law. In other words, we are called upon to inquire on whom rests the onus in cases of this kind. This question was settled in *McPherson* v. *Cheadell*, (24 *Wend.* 15,) that a license was to be presumed. The plaintiff below, in that case, sued the defendant for medical services rendered by him as a physician from 1803 to 1836. Among other defenses it was urged that the plaintiff could not recover for the services rendered after the 1st of January, 1830, without proving his license, under the act concerning the practice of physic and surgery. (*Part* 1, *ch.* 14, *tit.* 7, *of the Revised Statutes.*) By the 16th section of that act it is enacted, that no person shall practice physic or surgery, unless he shall have received a license or diploma as therein provided. And the 22d section enacted that every person not authorized by law, who, for any fee or reward, should practice physic or surgery within this state, should be incapable of recovering by suit any debt arising from such practice. And he was, moreover, made liable to the penalty of twenty-five dollars for each offense. (*Laws of* 1830, *p.* 141.) Under this statute the court held that the defendant must give evidence tending to show a disqualification, before the plaintiff was bound to produce his license, and that the law presumed he had a license until the contrary was proved. (*Ib. p.* 29.) The same question arose in the subsequent case of *Thompson* v. *Sayre*, (1 *Denio*, 175, 180,) which was decided the same way. The English cases are to the same effect, where a license is to be taken out by attorneys. They will be presumed to have done their duty until the contrary is shown. (*Pearce* v. *Whale*, 5 *B. & C.* 38. *Id.* 758.) In this case, had the defendant appeared he had the means of showing by the town records that no license had been granted to the plaintiffs. In *Griffith* v. *Wells*, (3 *Denio*, 226,) the defense was made out, that the plaintiff had no license. That case, therefore, does not conflict with either of the foregoing. In the present case it did not appear before the justice that the plaintiffs violated any law. They must be presumed, in this action, to have had the license

**VOL. XII.**      4

Smith *v.* Joyce.

prescribed by the statute. The question of license was collateral to the main issue, and the onus was with the defendant to give reasonable evidence that none had been granted.

It was said by Cowen, J. in *McPherson* v. *Cheadell,* (*supra,*) p. 29, 30, that the defendant admitted, by the very act of retaining the plaintiff, that he was a regular physician. If this be so, where the question arises between party and party, the act of buying by small measure, was an implied admission by the defendant as between him and the plaintiff, that the latter was authorized to sell. We ought not to presume that the defendant would *aid* the plaintiff to violate a statute. The morality of the *purchase* of an interdicted article, does not essentially differ from that of the *sale* of it.

The rule is otherwise where the action is in behalf of the public. In such action a license is not presumed, and it rests with the defendant to prove it. This has been so held in a penal action against a defendant for practicing physic without license. (*Sheldon* v. *Clark,* 1 *John.* 513. *Apothecaries Company* v. *Bentley, Ry. & Moo. N. P. Rep.* 159.) The same rule prevails on the trial of an indictment for selling spirituous liquor *without license.* (*Gearney* v. *The State,* 1 *McCord,* 573, 4. 1 *Cowen & Hill's Notes,* 490.) The practice in this state is the same, as will be seen by the adjudged cases. The prosecutor proves the selling by small measure, and the defendant produces his license if he has one. (*See The People* v. *Townsey,* 5 *Denio,* 70; *The People* v. *Safford, Id.* 112; *Hodgman* v. *The People,* 4 *Id.* 235; *The Trustees, &c.* v. *Keeting, Id.* 341.) Such is the invariable practice in the oyer and terminer, when indictments under the excise law are tried there. In an action for the penalty, or on an indictment for selling without license, the license is the main issue on the part of the defendant. The existence of it is not to be presumed as it is when the question comes up collaterally, between party and party.

The judgment of the county court must be reversed and that of the justice affirmed.

[St. Lawrence General Term, September 1, 1851. *Willard, Hand* and *Cady,* Justices.]