LEVI BRIGHAM *vs.* DANIEL POTTER & another, Executors.

In an action to enforce rights under a promissory note given for the price of intoxicating liquors sold before the passage of the *St.* of 1852, *c.* 322, the burden of proving the illegality of the sale is upon the defendant.

A mortgage made to secure promissory notes, part of the consideration of which is spirituous liquors sold in violation of law, is wholly void.

REPLEVIN. Answer, that the consideration of the mortgage under which the plaintiff claimed title, and of the promissory notes which it was given to secure, was spirituous liquor sold in violation of law, and that the notes and mortgage were therefore illegal and void.

At the trial in the court of common pleas in Essex at December term 1856, the defendants gave in evidence the answers of the plaintiff to the defendants' interrogatories, in which he stated that the principal part of the consideration of said notes and mortgage was spirituous liquor sold by the plaintiff to the defendants' intestate, before the passage of the *St.* of 1852, *c.* 322, and showed by an account annexed to his answers what part was illegal. *Mellen,* C. J. ordered a verdict for the defendants, and the plaintiff alleged exceptions, which were argued in January 1858.

*O. P. Lord & H. C. Hutchins,* for the plaintiff, to the point decided, cited 1 Chit. Pl. (6th Amer. ed.) 253; *Williams* v. *East India Co.* 3 East, 192; *Smith* v. *Joyce,* 12 Barb. 21; *Garrett* v. *Godfrey,* 6 Foster, 415; *Coburn* v. *Odell,* 10 Foster, 540; Rev. Sts. *c.* 47; *St.* 1844, *c.* 102; *Commonwealth* v. *Lahy,* 8 Gray, 459; *Maher* v. *Dougherty,* 8 Gray, 437; *Commonwealth* v. *Thurlow,* 24 Pick. 374; *Commonwealth* v. *Roberts,* 1 Cush. 505; *Commonwealth* v. *Shaw,* 5 Cush. 522.

*J. H. Robinson,* for the defendants.

THE COURT, because it did not appear that the sale was illegal, *Sustained the exceptions.*

At the new trial had in the court of common pleas at December term 1858, it appeared that the plaintiff had no license to sell spirituous liquors under the laws in force at the time of the sales made by him to the defendants' intestate. And *Perkins,* J. ruled that he could not maintain his action. To this ruling the plaintiff alleged exceptions.

*Hutchins,* for the plaintiff. The mortgage was made to secure notes given in part only for liquor sold; and the plaintiff's answers showed what part. The court will therefore separate the illegal from the legal items, there having been no statute in existence at the time, which declared the whole void. *Barrows* v. *Capen,* 11 Cush. 37. *Rand* v. *Mather,* 11 Cush. 1. *Robinson* v. *Bland,* 2 Bur. 1077. *Cochrane* v. *Clough,* 38 Maine, 25. *Towle* v. *Blake,* 38 Maine, 528. *Parish* v. *Stone,* 14 Pick. 208. *Chicopee Bank* v. *Chapin,* 8 Met. 40. *Stoddard* v. *Kimball,* 6

Cush. 469. *Bond* v. *Fitzpatrick*, 4 Gray, 93. *Filson* v. *Himes*, 5 Barr, 452. *Morris* v. *Way*, 16 Ohio, 469. 2 Kent Com. (6th ed.) 467. The Rev. Sts. *c.* 47, contain no such provision, invalidating the note, as the *Sts.* of 1852, *c.* 322, § 22, and 1855, *c.* 215, § 37.

In a suit on the account, or on the notes, the court would have separated the items, and given judgment for what was legal. A mortgage made to secure the account. would have been valid. This mortgage is collateral to the notes, and if any part of the claim is good it is sufficient to sustain the mortgage. *Robinson* v. *Bland*, 2 Bur. 1077. *Yundt* v. *Roberts*, 5 S. & R. 139. *Chase* v. *Burkholder*, 18 Penn. State R. 48. *Garrett* v. *Godfrey*, 6 Foster, 415. *Carleton* v. *Woods*, 8 Foster, 290. *Smith* v. *Joyce*, 12 Barb. 21. The case of *Perkins* v. *Cummings*, 2 Gray, 258, was an action upon the note itself.

*Robinson*, for the defendants.

METCALF, J. Part of the consideration of the notes which the mortgage of the replevied property was given to secure was spirituous liquors sold in violation of law. The notes are therefore wholly void, and the mortgage is therefore wholly void.

That the note is wholly void is shown by the decisions, ancient and modern. *Fetherstone* v. *Hutchinson*, 3 Leon. 128, 222. *Perkins* v. *Cummings*, 2 Gray, 258 & cases there cited. That the mortgage given to secure the note is also wholly void is shown by the case of *Denny* v. *Dana*, 2 Cush. 160.

*Exceptions overruled.*