# CITY OF CHICAGO

v.

# ELLA J. WOOD.

*Municipal Corporations—Defective Sidewalk—Personal Injury—Action for Damages—Amended Declaration—Waiver of Objection—Evidence—Physician—License.*

1. In an action against a municipal corporation to recover damages for a personal injury caused by a defective sidewalk, it is *held:* That the evidence tended to support the verdict for plaintiff; that the damages allowed were not excessive; that it was proper to allow the plaintiff to file an amended declaration after the evidence was in; that an objection that there was no issue on the amended declaration was waived by the defendant by proceeding with the trial; that the court properly refused to allow certain questions asked the plaintiff on cross-examination; and that the evidence of the physician, who attended the plaintiff, as to the value of his services, was competent.

2. Where the question of license or qualification of a physician arises collaterally in a civil action between third parties, the license or due qualification of the physician under the statute will be presumed.

The case of *City of Chicago* v. *Honey,* 10 Ill. App. 535, *criticised.*

[Opinion filed November 23, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HEMPSTEAD WASHBURN and CLARENCE A. KNIGHT, for appellant.

Messrs. BYAM, PARKHURST & WEINSCHENK, for appellee.

MORAN, P. J. Appellee recovered a judgment against the City of Chicago for an injury sustained by her by stepping into a hole in the sidewalk on State Street, a little south of the intersection of Twelfth Street.

The case was tried before the court and a jury, and a verdict for $1,750 was found. The evidence tended to support the

City of Chicago v. Wood.

allegations of plaintiff that she stepped into a hole in the side-walk, at the place stated in the declaration, and was injured, and that at the time of such injury she was in the exercise of due care, and also tended to show that the defect or hole into which she stepped had been in said sidewalk for such a length of time before the accident that the city authorities, by the exercise of reasonable diligence, might have known of its existence.

We are unable to say that the damages allowed by the jury are excessive. The verdict being supported by the evidence, the judgment must stand, unless some one of the errors of law assigned by the counsel for appellant shall be found to require a reversal. The first point which the counsel urges as error in the brief, is that the court allowed plaintiff to file an amended declaration on the trial in the court below after the evidence was all in, and after plaintiff's counsel had begun his argument to the jury, and that the case proceeded to verdict and judgment without any issue being found on the amended declaration.

There was no error in allowing the amended declaration to be filed. It is within the discretion of the court to allow amendments to the pleadings at any time before final judgment. On the point that there was no issue on the amended declaration, the bill of exceptions recites that the counsel for the city reserved their exception to the ruling of the court, permitting the amendment, " and proceeded with the trial." Having thus proceeded with the trial without objection, both parties treated the cause as at issue, and the city can not now be heard to complain that there was no formal issue on the pleadings.

The next error alleged is that the court refused to allow the two following questions to be put on cross-examination of the plaintiff: "Did you pay the costs of this suit?" "Have you ever sued any other corporation?" The questions were not germane to anything brought out on the direct examination, and were wholly immaterial. Therefore, there was no error in refusing them.

It is next urged that the court erred in allowing Dr. Potter, who attended plaintiff at the time of her injury, to testify

against objection, that his services were worth $100, for the reason: 1st, "that there was no evidence to show that said Potter was a licensed physician;" and 2d, "that at the time the evidence was introduced there was no claim made in the declaration for liability incurred, but only for money paid out." The amended declaration obviates the latter ground of objection to the testimony and there remains to consider the objection that there was no evidence that the doctor was a licensed physician.

In support of this objection counsel for the city rely on the case of City of Chicago v. Honey, 10 Ill. App. 535.

While that case is undoubtedly sound in the view therein taken of the purpose and intent of the Legislature in enacting the statute to regulate the practice of medicine in this State, we are not inclined to adhere to the rule there laid down as to the burden of proof in cases where the physician sues to recover for services, or where it is sought in a civil case to prove a legal debt incurred for such services. We regard the sounder and better supported doctrine to be as stated by the same learned Justice who wrote the opinion in City v. Honey, in the case of Williams v. People, 20 Ill. App. 89. It is there said : " After a somewhat thorough examination of the authorities and full consideration, we are of the opinion that the rules, with their proper distinctions, may be thus stated : Where the question of license or qualification of a physician arise collaterally in a civil action between party and party, or between the doctor and the one who employs him, then the license or due qualification under the statute to practice, will be presumed. McPherson v. Cheadell, 24 Wend. 15; Thompson v. Sayre, 1 Denio, 175; Pearce v. Whale, 5 Barn. & C., 38; Id. 758.

" But in case of prosecution on behalf of the public the rule is otherwise, and in such cases license or due qualification under the statute is not presumed, and it rests with the defendant to prove it. Apothecaries Co. v. Bently, Ry. & Moo. 159; 21 E. C. L. 722 ; Sheldon v. Clark, 1 Johns. 513; Sherwood v. Mitchell, 4 Denio, 435; Smith v. Joyce, 12 Barb. 21."

The reason why the license will be presumed where there

is no evidence to the contrary, rests upon the principle that when an act is required, by positive law, to be done, the omission of which would be a misdemeanor, the law presumes that it has been done and therefore the party relying on the omission must make some proof of it though it be a negative. In addition to the cases cited in Williams v. People, showing the difference between civil and criminal cases as regards the burden of proof, as to the existence of the license, the following cases will be found to support the distinction as stated in that case : Brown v. Young, 2 B. Mon. 26; Redding v. Commonwealth, 3 B. Mon. 344; State v. Crowell, 25 Me. 171.

We are of opinion, therefore, that the evidence of the doctor, as to what his services to the plaintiff were worth, was competent, and that in the absence of contrary evidence he would be presumed to have been duly licensed, and therefore plaintiff established a legal debt incurred for such services which she was entitled to recover as part of her damages.

We have carefully examined the instructions given and refused, and find the action of the court in that regard free from error. No ground appearing for the reversal of the case, the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*