JOHN ABHAU, Appellee, *vs.* JAMES E. GRASSIE, Appellant.

*Opinion filed April 23, 1914.*

1. EVIDENCE—*general rule as to burden of proof.* The general rule is, that the burden of proof rests upon the one who substantially asserts the affirmative of the issue,—that is, upon the party who would be defeated if no evidence at all were offered.

2. SAME—*burden of proof does not depend upon the form of the proposition.* The burden of proof does not depend upon the form of the proposition, and whoever alleges a claim or defense which depends upon a negative must, as a general rule, establish the truth of the allegation, as that particular fact is essential to his case.

3. SAME—*question as to burden of proof of negative averment depends upon facts of case.* No general rule can be laid down which will govern, in every case, the question of which party has the burden of proof when a negative is averred, but each case must depend largely upon its own peculiar circumstances.

4. SAME—*authorities are not in harmony as to burden of proof when want of a license is averred.* The authorities are not in harmony as to who has the burden of proof where a want of a license to do a certain class of business is averred, but the weight of authority is, that where the question of the existence of the license is only collaterally involved the license will be presumed unless proof to the contrary is presented.

5. SAME—*when party alleging that a mechanic's lien claimant had no contractor's license has burden of proof.* Where the trustee in deeds of trust covering property against which a claim for mechanic's lien is filed alleges in defense that the claimant did not have a contractor's license, as required by city ordinance, for the year in which the work was done, which was several years before such defense was set up in the answer, the trustee has the burden of proving the truth of his negative averment, and if no such proof is made the validity of the ordinance is not involved in the case.

6. MECHANICS' LIENS—*what is not an "abandonment" or "discontinuance," as meant by section 4 of the Mechanic's Lien act.* Where the owner orders the contractor to stop work on the building and the contractor agrees to do so, there is no "abandonment" or "discontinuance" of the work as those words are used in section 4 of the Mechanic's Lien law, and in such case the question whether the provisions of such section relating to abandonment or discontinuance are valid is not involved.

DUNN, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

JULE F. BROWER, and SAMUEL B. KING, for appellant.

ROBERT W. DUNN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, John Abhau, a building contractor, filed his bill of complaint in the superior court of Cook county to enforce a mechanic's lien on certain property in the city of Chicago, alleging a contract made with Ida Rahn, the owner of the property, making a defendant, among others, James E. Grassie, trustee under three trust deeds on said property and owner of the three notes secured thereby. Grassie answered, setting up, among other defenses, that Abhau had not taken out a license as contractor, as required by a certain ordinance of the city of Chicago. A decree was entered upholding appellee's right to a mechanic's lien on the property. The chancellor below certified that the validity of said ordinance was in issue and that the public interest demanded that the appeal go direct to this court.

Appellant claims that said decree can only be sustained under section 4 of the Mechanic's Lien law, and that said section, as applied to the facts in this case, is unconstitutional.

While other persons appeared in the court below, the only parties that appear to be interested in this appeal are appellee, Abhau, and appellant, Grassie. No evidence is found in the record as to whether or not said Abhau had a contractor's license, as required by said city ordinance, and no proof was offered by either party on that subject. Counsel for appellee contends that the ordinance in question is invalid, but argues further that, conceding its validity, the burden of proving that Abhau had not procured such a license rested upon appellant, while appellant con-

tends that on the peculiar facts herein shown the burden of
proof rested upon Abhau to show that he had such a license.
The general rule is that the burden of proof rests upon the
one who substantially asserts the affirmative of the issue,—
that is, upon the party who would be defeated if no evi-
dence at all were offered. (*Stephens* v. *St. Louis Union
Trust Co.* 260 Ill. 364; 1 Greenleaf on Evidence,—16th
ed.—sec. 74.) The burden of proof does not depend upon
the form of the proposition. The weight of authority is,
that whoever asserts a claim or defense which depends upon
a negative must establish the truth of the allegation, (Jones
on Evidence,—2d ed.—sec. 179,) for that particular fact is
essential to his case. (2 Chamberlyne on the Law of Evi-
dence, sec. 984.) It is, however, sometimes stated, that
where the subject matter of a negative averment lies pe-
culiarly within the knowledge of the other, the averment
is taken as true unless it is disproved by that other party.
(1 Greenleaf on Evidence,—16th ed.—sec. 79; *Kettles* v.
*People,* 221 Ill. 221.) It is not easy to lay down a general
rule by which it may be readily determined upon which
party the burden of proof will lie when a negative is averred
in the pleading. Each case depends upon its own peculiar
circumstances. "Courts must apply practical common sense
in determining the question. When the means of proving
the fact are equally within the control of each party, then
the burthen of proof is upon the party averring the nega-
tive; but when the opposite party must, from the nature of
the case, be in possession of full and plenary proof to dis-
prove the negative averment, and the other party is not
in possession of such proof, then it is manifestly just and
reasonable that the party thus in the possession of the proof
should be required to adduce it," or it will be presumed that
it does not exist. *Great Western Railroad Co.* v. *Bacon,*
30 Ill. 347. See 4 Wigmore on Evidence, sec. 2486.

The authorities are not all in harmony as to who has
the burden of proof on the question whether one of the

parties is duly licensed to practice a certain profession or to do a certain class of business. (*Leggat* v. *Gerrick,* 8 L. R. A. [N. S.] 1238, and note.) Where the question arises directly on an indictment or in a penal action for violating the statute, where the prosecution is on behalf of the public, the authorities all agree that the burden of proof rests upon the defendant. (*Prentice* v. *Crane,* 234 Ill. 302; *Kettles* v. *People, supra; Williams* v. *People,* 121 Ill. 84; *Noecker* v. *People,* 91 id. 468; 1 Phillips on Evidence,— Edwards' 5th Am. ed.—*822, note 8; 2 Ency. of Evidence, 804, and cases cited.) The weight of authority, however, is to the effect that where the question of such a license is only collaterally involved, the license will be presumed unless proof to the contrary is presented by the other party. (*McPherson* v. *Cheadell,* 24 Wend. 15; *Smith* v. *Joyce,* 12 Barb. 21; *Thompson* v. *Sayre,* 1 Denio, 178; *Brown* v. *Young,* 2 B. Mon. 26; *Horan* v. *Weiler,* 41 Pa. St. 470.) The courts have also usually held that a defense against foreign corporations suing in the State, based on non-compliance with acts as to foreign corporations, is an affirmative one, the burden of proving non-compliance resting upon the person asserting it. (*Chickering-Chase Bros. Co.* v. *White,* 127 Wis. 83; *Langworthy* v. *Garding,* 74 Minn. 325; *Northup* v. *Wills Lumber Co.* 65 Kan. 769.) In *Natural Carbon Paint Co.* v. *Bredel Co.* 193 Fed. Rep. 897, it was said that this rule was in conformity with the general, settled principles of pleading and practice and was unaffected by the terms of the Illinois statutes on that question.

We find no case in this court in which the question of the burden of proof as to conformity with the law has been considered when a foreign corporation has brought suit here. That question, we think, is strictly a defensive one, and all the facts necessary to bring the case within the statute should be proven or the defense will fail. This court has held with reference to the necessity of proving the license of a physician, that it will be presumed, when

the question arises in a collateral proceeding, that the physician has obeyed the law and obtained the required license. (*North Chicago Street Railway Co.* v. *Cotton,* 140 Ill. 486; *Tichcnor* v. *Newman,* 186 id. 264.) The question as to the license of appellee is raised here by a third party collaterally, and under these authorities the burden rested on such third party to prove that appellee was not a licensed contractor. Moreover, it appears from the record that the license here in question was for the year 1909. The alleged failure to obtain the license was first brought to the attention of appellee by an amended answer in 1912. It cannot be assumed that he, after that date, would be in better position to make proof as to the license than the appellant would be. The license in question was for the current year 1909 and would be superseded by a license for a subsequent year. It cannot be reasonably assumed that Abhau would preserve until 1912 a license that expired at the end of 1909. Appellant had equal means with appellee of proving by the public records that no license had been granted for 1909 to appellee. (*Smith* v. *Joyce, supra; Northup* v. *Wills Lumber Co. supra.*) The court cannot assume, in the absence of any evidence on the question, that appellee did not have a license. The validity of the ordinance, on this record, is therefore not involved.

Neither is the constitutionality of section 4 of the Mechanic's Lien law here involved. That section, so far as necessary for the decision of this question, reads: "When the owner of the land shall fail to pay the contractor moneys justly due him under the contract at the time when the same should be paid, or fails to perform his part of the contract in any other manner, the contractor may discontinue work, and the contractor shall not be held liable for any delay on his part during the period of, or caused by, such breach of contract on the part of the owner; and if after such breach for the period of ten days the owner shall fail to comply with his contract, the contractor may aban-

don the work, and in such a case the contractor shall be entitled to enforce his lien for the value of what has been done." (Hurd's Stat. 1911, par. 18, p. 1479.)

On the question of his discontinuing or abandoning the contract appellee testified: "May 20, 1911, I finally stopped. * * * At that time I went back to Mrs. Rahn, and she said, 'You might as well stop entirely until I get the money; I will have it after a few days and then you can go ahead and finish them all up at once.' After that I have been back once or twice to see her, but she never seemed to get the money until I finally filed suit." Mrs. Rahn was a witness and did not deny appellee's testimony on this point and it is not otherwise disputed in the record. The master found, among other things, that on May 20, 1911, appellee was notified by Mrs. Rahn not to proceed further until she obtained further funds, and this finding was not objected to. The reason Mrs. Rahn gave for the order to stop work was because she was out of money, but when the owner of premises orders and the contractor agrees that the work be stopped, as shown here, that is not an abandonment or discontinuance of the work, as those terms are used in said section 4.

The appeal should not have been brought directly to this court. The cause will therefore be ordered transferred to the Appellate Court for the First District.

*Cause transferred.*

Mr. JUSTICE DUNN, dissenting.