JACOB S. DREYER, Respondent, v. PIERREPONT E. TWITCHELL, Appellant.— Order denying defendant's motion (a) for an order under rule 106 of the Rules of Civil Practice, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action, or, in the alternative, (b) for an order under rule 90, Rules of Civil Practice, requiring plaintiff separately to state and number each of the causes of action attempted to be pleaded in the complaint; or also in the alternative, (c) for an order under rule 102, Rules of Civil Practice, requiring plaintiff to make the complaint more definite and certain; or further in the alternative, (d) for an order under rule 103, Rules of Civil Practice, striking out certain portions of the complaint as sham, frivolous, irrelevant and redundant, affirmed, with ten dollars costs and disbursements. Defendant's time to answer is extended until ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

FRANK GIBBERMAN, Respondent, v. THE CITY OF LONG BEACH, Appellant.— Order denying appellant's motion for judgment on the pleadings dismissing the complaint, on the ground that there is a material variance between the cause of action as set forth in the notice of claim and intention to sue and the cause of action pleaded in the complaint, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

NATHAN HANDLER, Appellant, v. PETER DOELGER BREWING CORPORATION, Respondent.— Action brought by the plaintiff, a solicitor for the defendant, a brewer, to recover for services rendered by the plaintiff to the defendant in aiding and assisting the defendant to obtain new customers for the defendant's product and in keeping old customers of the defendant from transferring their business to the defendant's competitors. The plaintiff alleged that the accounts of the defendant so served by the plaintiff purchased of the defendant at least 25,000 half barrels of beer, so that, by reason of the servces so rendered, plaintiff was entitled to receive an unpaid balance of $18,443.75. Order denying plaintiff's motion for an order striking out defendant's affirmative defense, contained in paragraph "2" of its answer, as insufficient in law, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. [173 Misc. 173.]

LAWRENCE HASSINGER and ANNA M. HASSINGER, Appellants, v. UTAH CONSTRUCTION COMPANY, INC., Respondent.— Action to recover damages for injury to a well on plaintiffs' property, alleged to have been caused by defendant's blasting operations on adjacent property. Order granting defendant's motion for summary judgment under rule 113, Rules of Civil Practice, in so far as appealed from, affirmed, with ten dollars costs and disbursements. If so advised, plaintiffs, within ten days from the entry of the order hereon, may serve an amended complaint setting up a cause of action for negligence. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.