Callahan, J.
The complaint in this case pleads two causes of action (1) under a collective bargaining agreement between the defendant and a union of which the decedent was a member, and (2) on an account stated for the recovery of commissions allegedly due and owing to the plaintiffs’ testator, who was employed as a salesman by the defendant in the sale and distribution of alcoholic beverages at wholesale.
The defendant’s motion to dismiss the complaint for insufficiency was denied at Special Term.
Though the defendant on this appeal attacks the sufficiency of the complaint on several grounds, the only point requiring discussion is the alleged insufficiency of the complaint by failure to plead possession of a solicitor’s license or permit by the plaintiffs’ testator in compliance with the provisions of sections 93 and 100 of the Alcoholic Beverage Control Law.
The pertinent provisions of the statute are as follows:
“ § 93. Solicitor’s permit. 1. No individual shall offer for sale or solicit any order in the state for the sale of any alcoholic *704 beverage irrespective of whether such sale is to be made within or without the state, unless such person shall have a solicitor’s permit.”
“ § 100. Alcoholic beverages generally. 1. No person shall manufacture for sale or sell at-wholesale or retail any alcoholic beverage within the state without obtaining the appropriate license therefor required by this chapter.”
The sale of alcoholic beverages without a permit or license as required by statute is also made a misdemeanor (Alcoholic Beverage Control Law, § 130).
There appears to be no controlling decision of recent origin on the precise point involved in this case. It is true that on two occasions at Special Term the question seems to have been directly considered and decided in a manner contrary to the holding under review. (See During v. Valente, 42 N. Y. S. 2d 11, reversed on other grounds 267 App. Div. 383; Sragow v. Distilled Brands, Inc., N. Y. L. J., May 29, 1947; p. 2136, col. 4.) In these cases it was held that the failure to allege the possession of a solicitor’s permit by the plaintiff was fatal to the complaint. It appears that these decisions relied heavily on the authority of Handler v. Peter Doelger Brewing Corp. (173 Misc. 173, affd. 259 App. Div. 846) and Carmine v. Murphy (285 N. Y. 413).
It would seem, however, that the Handler and Carmine cases are clearly distinguishable from the situation at bar. In the former the decision was made upon a motion to strike an affirmative defense that the plaintiff was an unlicensed solicitor of alcoholic beverages. At first glance the Carmine case might appear to have decided the point at issue. There the question certified to the Court of Appeals was whether the complaint was sufficient to state a cause of action. Though this question of pleading was answered in the negative, it seems clear from an analysis of the opinion and cases cited therein that the determination was reached on the merits and as a matter of substantive law. The Carmine case- merely sustains the proposition that a complaint alleging the sale of alcoholic beverages to the defendants and demanding judgment for an unpaid balance of the price fails to state a cause of action and should be disr missed, where the plaintiff conceded that no license to traffic in alcoholic beverages was ever issued to him by the licensing authority. Indeed, the Carmine record in this court discloses a statement in the defendant-appellant’s brief to the effect that the plaintiff will not contend that he ever had a license to engage in the business of selling alcoholic beverages. While no^ such concession is to be found in the plaintiff-respondent’s brief in *705 that case, nevertheless in the opinion of this court (261 App. Div. 17) it is stated that “ It is true that plaintiff did not have a license”, and the Court of Appeals apparently stressed the same consideration in dismissing the. complaint as insufficient in that action.
On the precise question under discussion it is clear that such cases as Johnston v. Dahlgren (166 N. Y. 354, affg. 48 App. Div. 537) are not controlling. In that case involving a claim for compensation by an unregistered plumber we have a convenient illustration of the rule that a person rendering services without a required license cannot recover for such services against one resisting a demand for payment on the ground of noncompliance with the licensing statute. (6 Williston on Contracts [Rev. ed.] § 1766; Restatement, Contracts, § 580.) But notwithstanding the unenforcible nature of the obligation in suit by reason of the plaintiff’s violation of the law relating to registration of master plumbers, the Johnston case (supra) held that it was competent for the defendant to make voluntary payment on such claim. For present purposes, however, it Is enough to point out that the plaintiff’s nonobservance of the statutory requirements for registration had been pleaded as an affirmative defense (see Johnston v. Dahlgren, 31 App. Div. 204, 205-206).
We may compare such cases as Wood & Selick v. Ball (190 N. Y. 217), where it was held that a complaint in an action by a foreign corporation doing business in this State was insufficient because of failure to -allege compliance with former section 15 of the General Corporation Law (L. 1892, ch. 687; as amd. by L. 1901, ch. 538, § 1; subject matter now contained in General Corporation Law, § 210, et seq.). The statute in question was quite dissimilar from that involved in this case. It provided that no foreign stock corporation other than a moneyed corporation shall do business in this State without first having procured a certificate of compliance with all the requirements of law and that no action shall be maintained by such corporation upon any contract made in this State, unless prior to the making of such contract it shall have procured such certificate. Indeed, the line of cases represented by Wood & Selick v. Bell (supra) appears to be sui generis, and it has been suggested that “ they rest on a public policy declared by the statute which requires the statutory prohibition against uncertified foreign corporations maintaining actions to be treated differently from lack of capacity to sue resulting from other circumstances.” (Yager v. Yager, 214 App. Div. 671, 673.)
*706 The earlier New York cases would seem to indicate that the rule in this State requires the lack of license to be pleaded by way of affirmative defense in an action of the present nature.
In Smith v. Joyce (12 Barb. 21) the plaintiff, on the defendant’s default in appearance was permitted to recover for spirituous liquors sold, although the plaintiff gave no evidence with respect to possession of a license. In holding the lack of license to be a matter of defense it was said (pp. 24-26):
“The offense of selling spirituous liquors without license, being a misdemeanor as well as made penal, the courts will not aid such vendor in. enforcing payment. We are therefore brought back to the question, whether, in the absence of proof, the plaintiff must be presumed to have violated the law. In other words, we are called upon to inquire on whom rests the onus in cases of this kind. This question was settled in McPherson v. Cheadell, (24 Wend. 15,) that a license was to be presumed. * * * The same question arose in the subsequent case of Thompson v. Sayre, (1 Denio, 175, 180,) which was decided .the same way. The English cases are to the same effect, where a license is to be taken out by attorneys. They will be presumed to have done their duty until the contrary is shown. (Pearce v. Whale, 5 B. & C. 38. Id. 758.) In this case, had the defendant appeared he had the means of showing by the town records that no license had been granted to the plaintiffs. * * * In the present case it did not appear before the justice that the plaintiffs violated any law. They must be presumed, in this action, to have had the license prescribed by the statute. The question of license was collateral to the main issue, and the onus was with the defendant to give reasonable evidence that none had been granted.
“ It was said by Cowen, J. in McPherson v. Cheadell, (supra,) p. 29, 30, that the defendant admitted, by the very act of retaining the plaintiff, that he was a regular physician. If this be so, where the question arises between party and party, the act of buying by small measure, was an implied admission by the defendant as between him and the plaintiff, that the latter was authorized to sell. We ought not to presume that the defendant would aid the plaintiff to violate a statute. The morality of the purchase of an interdicted article, does not essentially differ from that of the sale of it.
“The rule is otherwise where the action is in behalf of the public. * * * In an action for the penalty, or on an indictment for selling ivithout license, the license is the main issue on the part of the defendant. The existence of it is not to be *707 presumed as it is when the question comes up collaterally, between party and party.”
The case of McPherson v. Cheadell (24 Wend. 15) dealt with an action by a physician to recover fees for services rendered to the defendant. On the matter of pleading with respect to the plaintiff’s license the court said (pp. 24-25):
“In the first place, I doubt much, whether the defendant below after retaining the plaintiff as a physician, and accepting his services as-such, could call upon him in the first instance, to prove a regular license. In other like cases the presumption is against the defendant. It is so as between attorney and client, in a suit for services performed under a retainer. * * * There, if the objection sound in the fact that the plaintiff was never admitted, or that his admission has become inoperative, it lies with the defendant to show it. * * * Beside, the contrary would be doing great violence to the presumption that no man will transgress the command of a positive law. * * * Where the question does not arise directly on indictment or action for violating a statute which requires a license, but comes in collaterally as here, the books are very strong that you cannot question the fact of their being a license until you show by negative proof that there was none. * * *”
The question of burden of proof on the issue of license in an action of this sort was also pertinently discussed in the McPherson opinion as follows (pp. 29-30): “ * * * to resist a claim of this kind, for want of qualification, it lies with the defendant to prove clearly that the person whom he retained and who performed the services, has not renewed his license. * * * No attempt was made in the case at bar to disprove the fact of the plaintiff having a license. The express statutory declarations running through the various revisions, that any person practising without the proper authority, shall be disqualified to sue and collect any compensation for his services, do not vary the rule of evidence. They were but impositions of an additional penalty. None of the statutes declare on which side the onus lies. None of them profess to be statutes of evidence. We are left for that to the common law; and on looking into adjudications in many cases precisely analogous in principle, it will be found that the defence labored throughout under the difficulty of assuming that the plaintiff was bound, in the first instance, to prove his license affirmatively; whereas the law presumed that he had one, until the contrary was proved. The rule in such a case as this is more obvious and reasonable in its application, inasmuch as the *708 defendant all along admitted, by the very act of retaining the plaintiff, that he was a regular physician. * * *”
There are also well-reasoned decisions in other jurisdictions adopting the view in the absence of express statutory provision to the contrary that the lack of license must be alleged by way of affirmative defense in civil actions for compensation by one required to be licensed pursuant to statute.
In Abhau v. Grassie (262 Ill. 636) it was said (pp. 638-639): “ The authorities are not all in harmony as to who has the burden of proof on the question whether one of the parties is duly licensed to practice a certain profession or to do a certain class of business. (Leggat v. Gerrick, 8 L. R. A. [N. S.] 1238, and note.) Where the question arises directly on an indictment or in a penal action for violating the statute, where the prosecution is on behalf of the public, the authorities all agree that the burden of proof rests upon the defendant. * * * The weight of authority, however, is to the effect that where the question of such a license is only collaterally involved, the license will be presumed unless proof to the contrary is presented by the other partj. (McPherson v. Cheadell 24 Wend. 15; Smith v. Joyce, 12 Barb. 21; Thompson v. Sayre, 1 Denio, 178; Brown v. Young, 2 B. Mon. 26; Horan v. Weiler, 41 Pa. St. 470.) ”
Thus, in Horan v. Weiler & Ellis (41 Pa. 470), where the plaintiffs sued and recovered for alcoholic beverages sold to the defendant, the trial court refused a request to charge that “ the plaintiffs having shown no license to sell the vinous and spirits nous liquors in controversy, are not entitled to recover in this suit.” In this connection it was the opinion of-the court on appeal as folloAvs (p. 472): “It is enough in this case to say that the defendant’s plea of non assumpsit raised no question of authority in the plaintiffs to maintain their action, and hence they might recover without producing their license, and of course without saying anything about it in their narr. The cases cited by the defendants in error prove the rule that a breach of law is not to be presumed against any one, and that the presumption is to the contrary until proof overcomes it: 1 Gí-reenl. § 411; 1 Barn. & Aid. 463; 10 East 216; 19 Johns. 345; 12 Wheat. 69; and that he who alleges the contrary must prove it: 3 East 199. The plaintiffs stood upon this presumption, and the defendant took no steps to overcome it. If the defence could avail under any circumstances, it would be in avoidance, and not by denial of liability, and would present an affirmative step to be taken by the defendant. He would be bound both to *709 plead and prove the matter he relied on. Nothing like this was done here, and the judgment must be affirmed.”
The same question was presented in Bird v. Trench (240 Ill. App. 363), in which the plaintiff sought recovery of commissions earned as a real estate broker. The licensing statute of Illinois provided that “ it shall be unlawful for any person to act as a real estate broker * * * or to advertise or assume to act as such real estate broker * * * without a certificate of registration.” (Cahill’s Stat. ch. 17a, §§ 1, 2.) Under this enactment the lack of license was held to be a matter of affirmative defense on the ground that (p. 370) “ * * * where the requirement, as to the procuring of a license * * , is laid down in a statute, the presumption will be that such a license has been procured * * *, until the contrary is shown, in any case where the question arises only collaterally, as is the case in a suit by one subject to such statute, seeking to recover his commissions, fees or other compensation.”
■ In regard to real estate brokers it may be noted that the rule is different in New York by virtue of the express terms of the statute (Beal Property Law, § 442-d) requiring that the plaintiff in an action for brokerage commissions shall allege and prove the possession of a license. The statute in this respect evidently lays down a rule of pleading and evidence, and without which the rule of the common law in the matter of pleading and proof would otherwise apply. (See McPherson v. Cheadell, 24 Wend. 15, supra.)
; In the absence of merit in the other objections to the sufficiency of the complaint, and holding that any failure of the plaintiffs’ testator to procure an appropriate permit or license as required by law is a matter of affirmative defense, we conclude that the order appealed from should be affirmed, with $20 costs and disbursements.
Peck, P. J., Glennon, Does and Van Voobhis, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements, with leave to the defendant to answer within ten days after service of the order, with notice of entry on payment of ^aid costs.