In an action brought to dissolve an alleged partnership to perform the-duties and share the brokerage received by defendants as the Group Management of a group of laundry operators, organized under the provisions of the Workmen’s Compensation Law, order granting plaintiff’s motion to strike out an affirmative defense under subdivision 6 of rule 109 of the Rules of Civil Practice, reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. The affirmative defense set forth the rules of the Commissioners of the State Insurance Fund, adopted pursuant to provisions of the Workmen’s Compensation Law, requiring the designation each year by the group of a Group Management, whose appointment as such is subject to the approval of the State Insurance Fund, and which provided that such Group Management may not function as such until the appointment is approved in writing by the State Insurance Fund; the annual selection by the group of defendants as such Group Management, with approval in writing thereof by the State Insurance Fund; and the refusal of the group and of the State Insurance Fund to designate or approve plaintiff as a member of tie Group Management. In our opinion the affirmative defense is not insufficient in law as a defense to the alleged claim of respondent that by agreement with defendants he is entitled to share jointly with them in the remuneration of the defendants for the services rendered by them as such Group Management. (Handler v. Boelger Brewing Gorp., 173 Mise. 173, affd. 259 App. Div. 846; Sturm v. Truby, 245 App. Div. 357.) Nolan, P. J., Carswell, Sneed, Wenzel and MacCrate, JJ., concur.