## Nick Trakas, Appellee, v. George A. Cokins, trading as Cokins & Company, Appellant.

### Gen. No. 26,322.

1. CORPORATIONS—*burden of proof under Blue Sky Law.*  Under section 20 of the "Blue Sky" law in force January 1, 1918 (Callaghan's 1920 Stat., p. 517), providing that every sale or contract of sale in violation of sections 1 and 2 of the Act (Callaghan's 1920 Stat., p. 514) shall be void, and requiring the dealer making the contract or sale, on request and tender back of securities received, to return the purchase price paid, the burden was not on the plaintiff in an action to recover the amount paid on the purchase price of certain shares of stock to prove the fact, alleged in his statement of claim, that the stock was sold in violation of the statute and did not come within the exemptions of section 3 of the Act (Callaghan's 1920 Stat., p. 514).

2. CORPORATIONS—*burden of proof under Blue Sky Law.*  In an action for the recovery of the amount paid on the purchase price of shares of corporate stock, *held* that the facts that such stock was not listed in a standard manual approved by the Secretary of State, or that the current price had not been published in market reports, or that the stock had not been listed upon any organized stock exchanges in the United States (see exemptions provided by section 3 of the "Blue Sky" law, in force January 1, 1918, Callaghan's 1920 Stat., p. 514), rested peculiarly within the knowledge of defendant, and therefore the burden of proving them was upon defendant.

3. EVIDENCE—*when opposite party required to disprove negative averment.*  Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party.

4. EVIDENCE—*right to prove standard character of publication.*  Where in an action to recover the purchase price paid for certain

securities claimed to have been sold in violation of the "Blue Sky" law, a page of Moody's Manual of Railways and Corporation Securities of 1918 was admitted in evidence, it was error to refuse to permit defendant to testify that such publication was a standard manual of 1918.

5. EVIDENCE—*when letter purporting to have been signed by Secretary of State not admissible.* The admission in evidence of a letter purporting to have been signed by the Secretary of State of Illinois, *held* error, where such letter was not certified to as a public record, and no proof of the genuineness of the signature was made.

Appeal from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 7, 1922.

WEST & ECKHART, for appellant.

MONAHAN & MONAHAN, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

Plaintiff brought suit in the municipal court of Chicago to recover $143.50 which he alleged in his statement of claim was paid to the defendant in February, 1918, on the purchase price of shares of stock in Black Diamond Oil Company.

Plaintiff's claim is based upon an allegation in the statement of claim that the sale of the shares of stock to plaintiff was void and in violation of Illinois statutes commonly known as "Blue Sky Law"; that the corporation, Black Diamond Oil Company, was not, at the time that plaintiff made payments to defendant, licensed under the statutes to sell or negotiate for sale its capital stock. A judgment was entered in favor of plaintiff on a verdict of a jury for the sum of $100, which the defendant seeks to reverse by his appeal to this court.

A point is made on behalf of defendant that the law placed the burden upon plaintiff to prove the fact alleged in the statement of claim that the stock in question was sold in violation of the statutes.

Section 20 of an Act to prevent fraud in the sale and disposition of stock, bonds and other securities, etc., in force January 1, 1918 (Hurd's Rev. St. 1917-1918, p. 2620, Callaghan's 1920 Stat., p. 517) provides that:

"Every sale or contract of sale in violation of sections 1 or 2 of this Act shall be void, and the dealer making such contract or sale must, on request and tender back of any securities received, return the purchase price or any part thereof paid."

Section 1 of the Act (Callaghan's 1920 Stat., p. 514) provides that no dealer in stocks, bonds or other securities, not exempt under the act, shall sell or offer for sale any stock or other securities without first procuring a license to so do, as provided by the act, from the Secretary of State. Section 2 prohibits the sale by a dealer of stock not exempt under the act, etc. Section 3 provides that "the provisions of this Act shall not apply to the disposal of certain securities" mentioned in the act, among which are securities listed in a standard manual or in manuals approved by the Secretary of the State of Illinois; securities the current sale prices of which have been for not less than one year published in the tabulated market reports of a daily newspaper of general circulation published in this State or an adjoining State, or securities listed or dealt in, upon an organized stock exchange or organized curb in this State or in any State or territory of the United States approved by the Secretary of State. Several other provisions of the act exempt therefrom certain other classes of stocks and securities.

We do not think that the law imposed upon the plaintiff the duty of proving that the stock in question did not come within the exemptions of section 3. If it does, then it may be quite impossible for the courts to enforce a remedy which the legislature appears to have intended by the enactment of section 20 of the Act.

In the case of *Abhau v. Grassie*, 262 Ill. 636, relied upon by defendant, the Supreme Court said:

"The general rule is that the burden of proof rests upon the one who substantially asserts the affirmative of the issue—that is, upon the party who would be defeated if no evidence at all were offered. (*Stephens v. St. Louis Union Trust Co.*, 260 Ill. 364; 1 Greenleaf on Evidence, 16th Ed., sec. 74.) The burden of proof does not depend upon the form of the proposition. The weight of authority is, that whoever asserts a claim or defense which depends upon a negative must establish the truth of the allegation (Jones on Evidence, 2nd Ed., sec. 179), for that particular fact is essential to his case."

We readily assent to the principles announced in the above quotation. The purpose of the legislature in enacting the statutes in question appears to have been to prevent fraud in the sale and disposition of certain kinds of stocks, bonds, or other securities, and to effectuate this purpose the legislature saw fit to provide a remedy to one injured by infractions of the act. The evident intent of the legislature was to protect purchasers of corporation securities by providing in the act for the doing of certain things by sellers of or dealers in such stocks or securities. The act provides that a purchaser of such stock or securities may have a remedy where it is shown that the sales were made without a license, as provided by the act, of stocks or securities not exempted thereunder.

Proof of the negative facts that the securities were not listed in a standard manual approved by the Secretary of the State, or that the current price of the stock sold had not been published in the market reports of a daily newspaper or had not been listed upon any organized stock exchange in the United States were facts which in their nature could not have been shown by the plaintiff. These facts rested peculiarly within the knowledge of the defendant and the law in such circumstances very wisely, and as an exception

to the general rule, placed the burden of proving them upon the defendant.

As stated in the case of *Anderson v. Irwin,* 101 Ill. 411, the Supreme Court said:

"The law is intended to be practical in its application to the varied transactions and circumstances which go to make up the affairs of life and which are constantly giving rise to legal controversies that have to be settled in courts of justice. Indeed, most of the rules of evidence have been established with direct reference to this principle."

In the case of *Prentice v. Crane,* 234 Ill. 310, the Supreme Court held:

"The rule of the common law as laid down by Greenleaf and approved by numerous decisions of this court is, that where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. This rule is applied to both civil and criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession, or the like. Here the party, if licensed, can immediately show it without the least inconvenience, whereas if proof of the negative were required the inconvenience would be very great. (1 Greenleaf on Evidence, sec. 79; *Harbaugh v. City of Monmouth,* 74 Ill. 367; *Weber v. Christen,* 121 Ill. 91.)"

To place the burden upon the plaintiff of proving that the stock in question was not exempted under the act would have the effect of destroying the beneficial purpose intended by the legislature when it enacted the statute.

It is said that the plaintiff had no right to recover for payments made upon his partner's stock. Upon this question evidence introduced tends to show that plaintiff sought to recover payment made by him for stock purchased by and for himself and not for payments on stock purchased for his partner.

The trial court admitted in evidence a page of Moody's Manual of Railways and Corporation Securities of 1918. The defendant, however, was not permitted to testify that this publication was a standard manual of 1918 on the ground that "it speaks for itself." This was error, as the defendant was entitled to show, if he could, the alleged standard quality of the publication.

A letter of the Secretary of the State of Illinois was introduced in evidence over objection of defendant. The letter purports to be signed by Louis M. Emmerson, Secretary of State. It is not certified to as a public record and no proof of the genuineness of the signature was made. It was error to admit this letter.

Other questions touching the admissibility of certain evidence need not be discussed, as they may not occur upon another trial of the cause.

The judgment of the municipal court is reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*

McSURELY and MATCHETT, JJ., concur.