## Emil Piot, Appellee, v. George B. Chartrand, Appellant.

1. CORPORATIONS—*burden of proof under Blue Sky Law.* Under Securities Act 1921, sec. 37, Cahill's St. ch. 32, ¶ 290, one suing for the price paid for stock belonging to class C or class D, on the ground that the defendant had not filed the statement required by section 9, must establish that the stock belonged in those classes, but, having proved that the stock did belong to one of those classes, the burden rests upon the defendant to establish exemption relied upon as a defense.

2. CORPORATIONS—*certificate of Secretary of State as evidence under Blue Sky Law.* In action to recover price paid for class C or D stock, certificate of Secretary of State to effect that sections 7 and 9 of the Securities Act of 1921, Cahill's St. ch. 32, ¶¶ 260, 262, had not been complied with was no proof that the stock purchased belonged to class C or D.

3. CORPORATIONS—*showing as to agency for seller of stock.* In action to recover price paid for stock on ground that Securities Act of 1921, sec. 9, Cahill's St. ch. 32, ¶ 262, had not been complied with, evidence held not to show that defendant was the solicitor, agent or broker of the seller of the stock.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed February 9, 1925. Rehearing denied March 24, 1925.

TURNER, HOLDER & BULLINGTON, for appellant.

BARTHEL, FARMER & KLINGEL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of St. Clair county rendered against appellant in the sum of $1,700 in a suit in assumpsit by appellee to recover for money paid for certificates of stock in the Federal System of Bakeries of America, Inc., which it is alleged appellant sold to appellee. The amended declaration consists of one count. The first

count charges that appellant as a solicitor, agent and broker of the Federal System of Bakeries of America, Inc., sold him fifty shares of stock in that company; that the certificates issued for said stock were class "D" securities under the Illinois Securities Law, and that the company had not complied with the requirements of said law relating to the sale of class "D" securities by filing a statement in the office of the Secretary of State as therein provided. The second count is identical with the first except that the stock was alleged to be of class "C." Copies of the certificates of stock involved are attached to the declaration. Appellant filed the general issue. A jury was waived and the cause tried before the court.

Appellee introduced in evidence the certificate of the Secretary of State to the effect that the Federal System of Bakeries of America, Inc., had filed no statement in his office as provided in sections 7 and 9 of the Illinois Securities Law, approved and in force July 10, 1919, and as amended by an Act approved June 11, 1921. [Cahill's St. ch. 32, ¶¶ 260, 262.] No evidence whatever was offered as to the history of this company, its assets or liabilities, its solvency or insolvency, nor as to the character of this stock under the Illinois Securities Act unless it can be said that the above certificate of the Secretary of State was evidence of that nature. It is contended by appellant that the burden was upon appellee to prove not only that the stock in question fell within class C or D but also to prove to which one of these classes the stock belonged. Appellee contends that the introduction of the certificate of the Secretary of State, showing noncompliance with the Act, made a prima facie case showing that the law had been violated in the sale of the stock involved, and that it was immaterial whether the stock belonged to class C or class D; also that under paragraph 2 of section 37 [Cahill's St. ch. 32, ¶ 290 (2)] the burden was upon appellant to prove that the sale of this

stock did not fall within the provisions of that Act.

By the Illinois Securities Act of 1921 all stocks and other securities are divided in four classes, namely: Classes "A," "B," "C" and "D." These classes are fully defined by the Act. Section 4 of that Act [Cahill's St. ch. 32, ¶ 257] after fully defining class A securities provides expressly "securities in Class 'A' and the sales thereof shall not be subject to the provisions of this Act." Section 5 [Cahill's St. ch. 32, ¶ 258] provides: "Securities in Class 'B,' being exempted sales, shall include" and then proceeds fully to define the securities included in that class. Section 6 [Cahill's St. ch. 32, ¶ 259] defines securities in class C. Section 7 [Cahill's St. ch. 32, ¶ 260] provides that securities in class C may be sold and disposed of upon compliance with the conditions in that section contained and not otherwise. Section 8 [Cahill's St. ch. 32, ¶ 261] provides that all securities not falling within classes A, B & C shall be known as securities in class D. Section 9 [Cahill's St. ch. 32, ¶ 262] provides that: "No security in Class 'D' shall be sold or offered for sale until there shall have been filed in the office of the Secretary of State statements and documents as follows"; then follow sixteen different matters to be covered in such statement. Paragraph 1 of section 37 of that Act [Cahill's St. ch. 32, ¶ 290 (1)] upon which this suit is based, provides as follows: "(1) Every sale and contract of sale made in violation of any of the provisions of this Act shall be void at the election of the purchaser, and the seller of the securities so sold, the officers and directors of the seller, and each and every solicitor, agent or broker of or for such seller, who, shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, in an action at law or in equity, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, the consideration given or the value thereof, together with his reasonable attorney's fees

in any action brought for such recovery." Paragraph 2 of that same section is a portion of the Act under which it is contended by appellee that the burden was upon appellant to show that this stock did not fall within either class C or class D and provides as follows: "(2) In any action, civil or criminal, where the seller or issuer relies for his defense upon any of the exceptions provided for in this Act, the burden of proof to establish such exemption, shall be upon such issuer or seller."

The declaration expressly alleged that this stock belonged to class C or class D and therefore unless the stock did belong to one of those two classes appellant would have no cause of action under the first paragraph of section 37. Undoubtedly, unless the express provisions of the Act are contrary, the burden was upon appellee to prove that material allegation of his declaration. By the second paragraph of section 37, if appellant relied upon any exemption provided for by the Act the burden was upon him to establish the same. The word "exemption" as used in the second paragraph of said section cannot apply to classes A and B stock as no restraints are placed upon the sale of the same by the law. But there are certain conditions provided for by the Act under which securities of both classes C and D may be sold without violating the Act and these conditions constitute the exemptions referred to in the second paragraph of section 37. Therefore if appellant was relying as a defense in this case upon the sale of stock in either class C or class D under conditions which the Act itself makes legal, then the burden was upon him to prove those conditions or exemptions. In our opinion, however, the burden was upon appellee to prove in the first place the charge made by him in his declaration that the securities fell within class C or class D. Such was the holding of the Appellate Court of the First District in the case of *People v. Revesz*, 229 Ill. App. 616, which was a criminal action

instituted under this section, where it is said, "the burden of making proof as to what class, if any, the securities which the defendant dealt in belonged, was upon the People and not upon the defendant." The fact that the above was a criminal case does not appear to affect the rule as to what is necessary to be proved to establish a case, as paragraph 2 of section 37 provides that in any action "civil or criminal" where the seller relies for a defense upon any exemptions of the act the burden is upon him or it to prove such exemption. Therefore, by the express provisions of that paragraph the same burden is upon a defendant relying upon this defense or exemption in a criminal case as in a civil case and therefore the same burden should be upon the plaintiff in a civil case as upon the people in a criminal case to make out a prima facie case.

In our opinion the introduction of the certificate of the Secretary of State to the effect that sections 7 and 9 of the Act had not been complied with by appellant was no proof whatever tending to show in what class this stock belonged. If the stock belonged in either class A or class B it was unnecessary for the company to comply with the section of the Act relied on here. In our opinion the burden was upon appellee to prove by a preponderance of the evidence that this stock belonged to either class C or class D, as defined by the Securities Act, and having failed to introduce any evidence tending to show that fact he failed to prove his case by a preponderance of the evidence. We are also of the opinion that the evidence does not show that appellant was the solicitor, agent or broker of the seller of this stock. It is true that appellee testified appellant spoke to him at one time about owning this stock, saying that it was a good stock to own; that he brought the two salesmen to his place who did effect the sale; that on that occasion appellant urged appellee to buy the stock; also that another witness testified appellant brought

the salesmen to his place and solicited him to buy some of this stock. On the other hand, appellant testified that he was being paid for driving the salesmen around in his automobile and denied that he ever solicited appellee or the other witness to buy any of the stock. We do not believe that this evidence was sufficient to show, as alleged in the declaration and required by the Act, that appellant was the solicitor, agent or broker of the seller of the stock.

Therefore for the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*