## A. C. Wehrwein, Appellee, v. Eastman Springs Beverage Company et al., Appellants.

## Gen. No. 30,155.

1. CORPORATIONS—*presence of fraud as condition of liability for sale of stock of foreign corporation not complying with requirements of Securities Law.* The facts that the agents of a foreign corporation which had not complied with the requirements of the Securities Law as to filing a statement with the Secretary of State had invested their own money in the corporation, that there was no fraud involved in the sale of stock of the corporation to plaintiff, and that the unprofitableness of the investment was no fault of such agents, form no defense to an action by plaintiff for the return of the sums paid for such stock.

2. CORPORATIONS—*admissibility of evidence of losses by agent selling stock of corporation in violation of Securities Law, in action by vendee of stock for refund of consideration.* In an action by the purchaser of stock of a corporation which had not complied with the requirements of the Securities Law prerequisite to a valid sale of such stock, to recover from the selling agent the sums paid therefor, evidence that such agent had himself lost considerable sums invested in the corporate enterprise was properly excluded, having no bearing on the agent's statutory liability to the vendee.

Appeal by defendants from the Superior Court of Cook County; the Hon. TIMOTHY D. HURLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1925. Affirmed. Opinion filed November 23, 1925.

JAMES F. BURNS, for appellants.

CHARLES J. MUELLER and FRED B. SILSBEE, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit to recover money which he paid for stock sold to him, as he alleges, in violation of the provisions of the Illinois Securities Law, and upon trial had a verdict and judgment for $625 against defendants, George W. Beauchamp and Mark Shanks, the cause having been dismissed as to the Eastman Springs Beverage Company, Beauchamp and Shanks appeal.

The statute under which the action was brought is sometimes called the "Blue Sky Law," approved and in force June 10, 1919, chapter 32, ¶ 254, et seq. of Cahill's Illinois Statutes of 1925. It was analyzed and held constitutional in *Stewart v. Brady*, 300 Ill. 425. Section 37 of the Securities Law [Cahill's St. 1925, ch. 32, ¶ 290] declares every sale and contract of sale in violation of any of the provisions of the Act void and the seller of the securities so sold and each and every solicitor, agent or broker for such seller who should have knowingly performed any act or in any way furthered such sale, jointly and severally liable, upon the tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount.

The Eastman Springs Beverage Company is a Michigan corporation and maintained an office in the city of Chicago in the State of Illinois. Under the Securities Law the stock of such a corporation could not be sold here unless it filed with the Secretary of State of Illinois certain statements giving certain specified information about the company. Plaintiff alleges that no such statement was filed and that the Eastman Springs Beverage Company had not complied with the requirements of the Securities Law, and that therefore the sale of stock to him was void and that he had tendered to the defendants the certificates and demanded the return of the sum paid by him, viz., $500.

There is virtually no dispute as to the facts. Beauchamp was president and Shanks secretary of the Eastman Springs Beverage Company. There was no compliance with the law with reference to filing a statement with the Secretary of the State of Illinois.

Plaintiff testified that defendants Beauchamp and Shanks were after him to buy stock of the Eastman Springs Beverage Company; that the defendants offered to pay his railroad fare to go to Michigan to examine the plant and went with him, paying all ex-

penses; that he paid $500, for which he received a receipt signed by Beauchamp and a certificate to the effect that he was the owner of five shares of stock of $100 each, signed by Beauchamp as president and Shanks as secretary.

Defendants argue that the transaction was in good faith; that there was an entire absence of fraud; that both Beauchamp and Shanks had their money invested in the enterprise; that all of the funds were used for corporate purposes; and that the venture turned out to be unprofitable through no fault of theirs.

All of this may be conceded, but the presence of fraud is not a condition of liability of any one selling or furthering the sale of such stock. The statute embraces all such transactions, whether made in good faith or not. Whether it is a harsh law and may frequently work an injustice is no concern of this court. The legislature passed the law and the Supreme Court held it constitutional. If it is shown that the company did not comply with the statute, and the defendants sold or knowingly performed any act in any way furthering the sale of such securities, they are liable upon a tender of the certificates of stock. It does not make any difference whether plaintiff went into the transaction fully informed and with his eyes open. The opinion in the *Stewart* case, *supra,* disposes completely of this point.

It is complained that the court excluded testimony of the defendant Beauchamp concerning his financial loss in the Eastman Company. Such testimony was properly excluded, for whether or not Beauchamp profited or lost could not affect in any way his liability under the statute. It may be unfortunate for the defendants, as their counsel says, but the facts bring the case squarely under the liability imposed by the statute, and the judgment must be affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.