## Louis Oppenheimer, Appellant, v. Peabody, Houghteling & Company, Appellee.

### Gen. No. 36,426.

Opinion filed April 10, 1933.

ALFRED M. LOESER and JAFFE & GREEN, for appellant.

PEABODY, WESTBROOK, WATSON & STEPHENSON, for appellee; MARK R. HART, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $2,000 he had paid defendant for the purchase of certain bonds, which sale he claimed had been illegally made because there had been no compliance with the

Illinois Securities Law. There was a trial before the court without a jury, and at the close of plaintiff's case, on motion of defendant, the court found against plaintiff, judgment was entered on the finding and plaintiff appeals.

Plaintiff alleged in his statement of claim that on October 18, 1927, and February 16, 1928, defendant sold him two first mortgage bonds of the Gotfredson Corporation, Limited, organized and doing business under the laws of the Province of Ontario, Canada, for which he paid $2,000; that these bonds were not Class A, Class B, or Class C securities as described in the Illinois Securities Law of this State but were Class D securities as described in section 8 of that act, Cahill's St. ch. 32, and that defendant had not complied with the Illinois Securities Law by filing certain documents with the Secretary of State. Plaintiff further alleged that the Gotfredson Corporation, the issuer of the bonds, was a foreign corporation and had not complied with section 39 of the same act, Cahill's St. ch. 32, ¶ 292; that he had tendered the bonds to defendant and demanded his money, which defendant refused.

Defendant admitted in its affidavit of merits that on February 16, 1928, it had sold one of the bonds to plaintiff, and that on October 18, 1927, it delivered to plaintiff another bond in exchange for one of the Sinclair Consolidated Oil Corporation bonds. It denied that the bonds of the Canadian company were Class D securities, and alleged that at the time of the sale and exchange of the bonds they had been qualified for sale by the defendant under the Illinois Securities Law as Class C securities, and averred that the transaction was legal in every respect.

The evidence shows that plaintiff bought the two bonds from defendant, paying for them with money and the Sinclair bond; that the bonds were executed by the Gotfredson Corporation of the Province of

Ontario, Canada, and that plaintiff tendered the two bonds to defendant and demanded his money, which was refused. Plaintiff also offered (and it was admitted over defendant's objection) a certificate from the Secretary of State of Illinois, certifying that the Gotfredson Corporation was not licensed to transact business in this State, and offered further evidence as to the usual, reasonable and customary fee for such services as plaintiff's counsel had performed in the case. This is substantially all the evidence in the record.

Plaintiff contends that since the Gotfredson Corporation, issuer of the bonds, was a foreign corporation, it could not qualify its bonds so that they might be legally sold in this State until it had complied with the law regulating the admission of foreign corporations to transact business in this State and also with the Illinois Securities Law, and that having failed to do either, the sale was void. In suport of this it is argued that section 39 of the Illinois Securities Law, Cahill's 1931 St. p. 784, requires a foreign corporation that desires to sell its securities in this State to file certain documents and statements with the Secretary of State, and that such statements and documents shall not be filed until such foreign corporation has complied with the law regulating the admission of foreign corporations to transact business in this State, and that it is the public policy of this State to render void all transactions made with foreign corporations where such corporations have not complied with all the laws of this State relating to foreign corporations. We think there is no merit in this contention. The bonds in this case were not sold by the Gotfredson Corporation but by defendant, Peabody, Houghteling Company, an Illinois corporation. And there was no offer to prove that the bonds were Class D securities.

Plaintiff further contends that since it was admitted in the pleading that the bonds in question were not

Class A or Class B securities, they must be in either Class C or D, which required that the bonds be qualified under the Illinois Securities Law before they could be legally sold, and that ''The plaintiff contends that the securities sold to him show on their face that they are Class D securities. Hence, it was incumbent upon defendant to show the contrary, i. e., that the securities were Class C as claimed in its plea''; that defendant submitted no evidence showing that the bonds were Class C securities; and that this burden was cast upon defendant by virtue of the 2nd paragraph of section 37 of the Illinois Securities Law. That paragraph is as follows: ''In any action, civil or criminal, where the seller or issuer relies for his defense upon any of the exemptions provided for in this Act, the burden of proof to establish such exemption shall be upon such issuer or seller.'' Plaintiff alleged in his statement of claim that the bonds in question were not securities in Class A, B, or C, but that they were ''securities in Class 'D' as described in section 8 of said law.'' We think that paragraph 2 of section 37, above quoted, does not place the burden upon the defendant to prove that the bonds in question belonged to any particular class of securities but applies to exemptions some of which are those mentioned in section 5 of the act. *Piot v. Chartrand,* 237 Ill. App. 117. Under section 5 it is provided that under certain conditions one may sell his own property for his own account; that capital stock of a corporation when sold to its stockholders without the payment of any expense or commissions to agents, solicitors or brokers, securities when sold by any bank or trust company, etc., securities when sold to any corporation or broker or dealer in securities, when securities are sold at judicial sale or by a receiver in bankruptcy at public auction, need not be qualified under the act. Section 5, it is true, refers specifically to Class B securities, and section 4 of the act, in defining Class A securities,

among other things, defines one class of A securities as those listed and dealt in on the New York, Boston and Chicago exchanges; and it has been held that if in a particular case the defendant seeks to show that stocks were listed on such exchanges to escape liability, the burden is on the defendant to show that fact. *Trakas v. Cokins,* 224 Ill. App. 327. We think the foregoing are some of the exemptions referred to in paragraph 2 of section 37.

Since in the instant case plaintiff in his pleading predicated his right to a recovery on the claim that the bonds in question were Class D securities, the burden was upon him to sustain this allegation. *People v. Revesz,* 229 Ill. App. 616; *Piot v. Chartrand,* 237 Ill. App. 117; *People v. Gillett,* 243 Ill. App. 41. To sustain his contention plaintiff relies chiefly upon *Abhau v. Grassie,* 262 Ill. 636; *People v. Love,* 310 Ill. 558; *Trakas v. Cokins,* 224 Ill. App. 327, and *Dobal v. Guardian Finance Corp.,* 251 Ill. App. 220.

The *Abhau* case was a bill to enforce a mechanic's lien. The defense was that complainant had not taken out a license as contractor as required by an ordinance of the City of Chicago. A decree was entered in complainant's favor and an appeal taken direct to the Supreme Court, claiming section 4 of the Mechanics' Liens Act was unconstitutional. There was no evidence in the record as to whether complainant had a contractor's license as required by the city ordinance—no proof was offered on this question by either side. And the question discussed was, On whom was the burden of proof? The court held that no general rule could be laid down to govern each case but that each case depended largely upon the particular facts, and that the authorities were not in harmony. The court held in that case that the burden was on the defendant, who had set up such defense in his answer. The court discussed a number of au-

thorities, some of which hold that in an indictment or in a penal action for violating a statute, where the prosecution is in behalf of the People, the authorities agree that the burden is on the defendant. The court further held that the weight of authority is to the effect that where the question of such a license was only collaterally involved, the license would be presumed unless there was proof to the contrary by the other party. And continuing the court said (p. 639): "The courts have also usually held that a defense against foreign corporations suing in the State, based on non-compliance with the acts as to foreign corporations, is an affirmative one, the burden of proving non-compliance resting upon the person asserting it." In that case the Illinois Securities Act was in no way involved, and the court only announces the general rule as to which side has the burden of proof in a particular case.

In the *Love* case (310 Ill. 558), the defendants were indicted for selling Class D securities without complying with the Illinois Securities Law. The evidence showed that the securities were all of Class D. A paragraph of the syllabus is: "An indictment charging defendants with the sale of Class 'D' securities without compliance with the Securities Act need not negative the exemptions enumerated in section 5 of the act, as that is a matter of defense." The court there said (p. 564): "Counsel for plaintiffs in error argue that securities which fall under Class 'D' may be treated as under Class 'B' where the circumstances of of the sale are such as to come within some one provision of section 5 relating to sales of securities in Class 'B'; that there is no violation of the statute in this case because the only sale charged in the indictment was made to John W. Howard, who was a stockholder in the issuer corporation, and that under paragraph 2 of section 5 of the act plaintiffs in error were

entitled to sell the stock to him without first filing a statement with the Secretary of State.'' The court then said that even if the legal contention be sustained, the evidence in the case was contrary to the defendant's contention; that the evidence showed the stock was sold and not distributed among its stockholders without payment of commissions or expenses (which sales were exempted by that section), and that the sale was not an isolated one, which was also exempted by the act, because the evidence showed there were other sales and that the seller had received compensation for his services in disposing of the stock. The court continuing said (p. 566): ''Without deciding whether class 'D' securities may be exempt as under class 'B,' the record does not show the sale to come within the provisions of paragraph 2 of section 5 of the act.'' It was further contended in that case that the indictment did not charge the commission of a crime because it did not negative the exemptions enumerated in section 5. The court held that since the indictment charged the sale of Class D securities without compliance with the act, it was not necessary to allege further that the stock was not such stock as was exempted by section 5. On this question the court said (p. 567): ''Nor is it necessary that the indictment negative the exemptions enumerated in section 5 of the statute. The offense lies in selling class 'D' securities without full compliance with the Securities Law. If there has not been a compliance with the law plaintiffs in error are guilty. If they did not make such sales, or in making them complied with the statute, such is a matter of defense which will defeat the action. The indictment is sufficient.'' The *Love* case does not hold, as counsel for plaintiff contends, that the burden was on defendant to prove that the bonds in question were not Class D securities but were Class C securities. On the contrary we think it holds, in effect, that where one

is charged with violating the Securities Law by selling Class D securities without compliance with that law, the burden is upon the one making such charge, and the strong intimation is that the exemptions mentioned in paragraph 2 of section 37 of the act refer to the exemptions mentioned in section 5 of the act, as we have above stated. We think the holding in the *Love* case warranted the trial court in entering judgment against the plaintiff.

We have examined all the other cases cited by the plaintiff but are clearly of the opinion that none of them is in point and that it would serve no useful purpose to discuss them here.

Plaintiff having alleged in his statement of claim that the bonds sold by the defendant to him were Class D securities, the burden of proof to sustain this fact was upon him, and since he offered no proof on this question the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.