Norman Schlossberg, Appellee, v. Chicago Dr. Pepper Bottling Company, Hezekiah C. Eggleston, and F. W. Pitts, Appellants.

Gen. No. 45,847.

Opinion filed April 29, 1953. Rehearing denied May 19, 1953. Released for publication May 19, 1953.

SCHUMACHER, GILMORE, VAN NESS & STERN, of Chicago, for appellants; LAURENCE R. VAN NESS, of Chicago, of counsel.

RICHARD M. WEINBERGER, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued to recover the purchase price of capital stock in the corporate defendant, claiming it was sold to him by the defendants in violation of the provisions of the Illinois Securities Act (Ill. Rev. Stat.

1951, ch. 121½, par. 96) § 1 [Jones Ill. Stats. Ann. 13.01] and to recover attorney's fees authorized by said statute. A trial without a jury resulted in judgment for plaintiff in the sum of $1,350, which included attorney's fees. Defendants appeal from said judgment.

The sale of the stock without previous compliance with the Illinois Securities Act is admitted. No point is made as to the right of plaintiff to recover the attorney's fees in the event he sustains his action.

On November 5, 1948, defendants wrote a letter to plaintiff, advising him that the Securities and Exchange Commission had raised doubts as to the validity of the sale of the shares of stock to him, and then and there offered to return to him the purchase price paid for the shares. The letter also stated:

> "If you are satisfied with the situation and do not wish to rescind your purchase, so indicate at the bottom of this letter and return the same to us. If you wish to rescind, please mail your stock certificate to the corporation at 2701 North Pulaski Road, Chicago, 39, Illinois, registered mail, properly endorsed, and our check will be mailed you forthwith for the amount you paid for the stock.

> "If you have not sent us your stock certificate, properly endorsed by November 15th, 1948, we will understand that you do not wish to rescind the sale to you."

Plaintiff did not respond to the letter until December 16, 1949, when, through his attorney, he wrote to defendants tendering a return of the stock in question and demanding the immediate repayment of the purchase price of $1,000, because of their alleged non-compliance with the Illinois Securities Act.

Upon these undisputed facts defendants argue that the basis of the action necessarily is one for fraud on

the part of the defendants in failing to comply with the statute; that when one seeks to rescind for fraud he must do so promptly or with reasonable diligence; and because plaintiff did not act until more than a year after receipt of defendants' letter of November 5, 1948, which apprised him of the doubtful legality of the sale to him, he waived the right to rescind and cannot recover.

Defendants cite a number of cases which hold that one must rescind promptly upon the discovery of the alleged fraud. Among them are *Moran v. Union Bank of Chicago*, 266 Ill. App. 315; *Richter v. Schuett*, 314 Ill. 127; and *Kanter v. Ksander*, 344 Ill. 408.

These cases are factually distinguishable. In each of them there are specific charges of fraud, which are entirely absent from the instant complaint. There is no charge of fraud in the present action but merely the charge that there had been no compliance with the statute before the sale in question.

In *Wehrwein v. Eastman Springs Beverage Co.*, 238 Ill. App. 443, 445, this court said:

". . . the presence of fraud is not a condition of liability of any one selling or furthering the sale of such stock. The statute embraces all such transactions, whether made in good faith or not. Whether it is a harsh law and may frequently work an injustice is no concern of this court. The legislature passed the law and the Supreme Court held it constitutional. If it is shown that the company did not comply with the statute, and the defendants sold or knowingly performed any act in any way furthering the sale of such securities, they are liable upon a tender of the certificates of stock."

The Securities Act (par. 135, § 40) [Ill. Rev. Stats. 1951, ch. 121½; Jones Ill. Stats. Ann. 13.51] permits an action to be brought within five years after

169

the sale of stock without compliance with the statute. Defendants cannot curtail this period of limitation fixed by statute by their letter of November 5, 1948, in which they set the time limit for returning the stock as November 15, 1948. The holding in *Bunge v. Kirchhoff*, 251 Ill. App. 119, is squarely against defendants' position. It was there said (p. 126):

"It would not be expected of anyone that he would elect to treat a sale of stock as void until he had discovered it was not profitable for him to retain it. Section 40, Cahill's St. ch. 32, par. 293, provides that all civil actions to recover money based upon any provision of this act must be commenced within five years after the commission of the act complained of. This statute is penal in character and its provisions are intended as a punishment to those who engage in disposing of stock or securities in violation of the act. The plaintiff was by statute given five years to institute this suit, and there is nothing disclosed in this record which can be held to work an estoppel or waiver."

The judgment is correct and is affirmed.

*Affirmed.*

LEWE, P. J. and KILEY, J., concur.